11-2533-cr
United States v. Goberdhan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand twelve.

Present:    GUIDO CALABRESI,
            ROBERT A. KATZMANN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                    *Appellee*,


                    - v -                    No. 11-2533-cr

CHEDDI GOBERDHAN,

                    *Defendant-Appellant.*
_____

For Defendant-Appellant:      Anthony L. Ricco and Steven Z. Legon, New York, N.Y.

For Appellee:                 Nicole W. Friedlander and Michael D. Maimin, Assistant
                              United States Attorneys, *for* Preet Bharara, United States
                              Attorney for the Southern District of New York, New York,
                              N.Y.


        Appeal from the United States District Court for the Southern District of New York
(Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Cheddi Goberdhan ("Goberdhan") appeals from a June 14, 2011 judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*), entered following Goberdhan's guilty plea to conspiracy to commit bank fraud and wire fraud, and bank fraud, in violation of 18 U.S.C. §§ 1344, 1349. The district court imposed a below-Guidelines sentence of: (1) concurrent terms of sixty months' imprisonment and three years' supervised release on each count of conviction; (2) restitution in the amount of $4,698,500; (3) forfeiture in an amount to be determined; and (4) a $700 mandatory special assessment. On August 2, 2011, the district court entered a forfeiture order against Goberdhan in the amount of $1,400,000. On appeal, Goberdhan raises two challenges to the procedural reasonableness of his sentence, arguing that the district court: (1) improperly imposed a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(14)(A)[1]; and (2) failed to consider fully an "unwarranted disparity" between Goberdhan's sentence and the sentences of his co-defendants, Appellant's Br. at 11.[2] We assume the parties' familiarity with the underlying facts and procedural history of this case.

Generally, this Court reviews sentences for reasonableness. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This standard applies "both to 'the sentence itself'

---

[1] Goberdhan was sentenced under the November 2010 edition of the Guidelines. In the November 2011 edition of the Guidelines, this provision was codified at U.S.S.G. § 2B1.1(b)(15)(A). This Order will refer to U.S.S.G. § 2B1.1(b)(14)(A), as that was the designation used throughout the proceedings below.

[2] The pagination in Appellant's Brief is inaccurate. Accordingly, the page numbers referenced in this Order are not necessarily the same as those that appear on the corresponding pages of the brief.

and to 'the procedures employed in arriving at the sentence.'" *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006)). The procedural inquiry focuses on whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (internal quotation marks omitted). When conducting a substantive review, we consider the totality of the circumstances, and give due deference to the sentencing judge's discretion. *See Cavera*, 550 F.3d at 190. In both its procedural and substantive aspects, reasonableness review employs a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).

Goberdhan argues that "[a]fter each fraudulently induced closing, the proceeds of the transaction [were] distributed to and among the various co-conspirators," and that absent evidence that his "share (the amount that he pocketed) exceeded $1 million of the gross receipts," Judge Scheindlin erred in imposing an enhancement pursuant to U.S.S.G. § 2B1.1(b)(14)(A). Appellant's Br. at 11. This argument is unavailing.

Section 2B1.1(b)(14)(A) provides that a two-level enhancement to a defendant's offense level is warranted where "the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense." The enhancement applies "if the gross receipts to the defendant individually, rather than to all participants, exceeded $1,000,000." U.S.S.G. § 2B1.1, cmt. n.11(A). "Gross receipts from the offense" includes "all property . . . which is obtained directly or indirectly as a result of the offense." *Id.* (n.11(B)). Gross receipts for purposes of the enhancement is not limited to the defendant's net profit. *See, e.g.*, *United*

3

*States v. Goldstein*, 442 F.3d 777, 786 (2d Cir. 2006); *United States v. Khedr*, 343 F.3d 96, 101-02 (2d Cir. 2003). Moreover, gross receipts are not reduced by the amount of fraud proceeds subsequently spent in other transactions. *See, e.g.*, *United States v. Bennett*, 161 F.3d 171, 193 (3d Cir. 1998) (holding that for purposes of calculating gross receipts it "is irrelevant how [the defendant] spent the money after he obtained it"); *see also Khedr*, 343 F.3d at 101 (citing *Bennett* with approval and stating that the sentencing court may have understated the defendant's gross receipts by excluding fraud proceeds that defendant paid to certain vendors).[3]

Several Circuits have explicitly held or strongly suggested that when money is initially obtained by one defendant individually, but is ultimately distributed to other co-conspirators, it is considered to accrue to all participants and therefore does not accrue for purposes of the enhancement. *See United States v. Edelkind*, 467 F.3d 791, 801 (1st Cir. 2006) (distinguishing "property that goes solely to a co-conspirator" from "proceeds that [the defendant] controls or enjoys"); *United States v. Rickard*, 336 Fed. Appx. 235 (3d Cir. 2009) ("We do not mean to suggest that 'gross receipts' includes monies that Davis initially received, but later disbursed to her co-coconspirators."); *United States v. Weidner*, 437 F.3d 1043, 1046 (10th Cir. 2006) (concluding that "the district court erred in attributing the $1.5 million in gross receipts to both" of two co-defendants); *United States v. Castellano*, 349 F.3d 438, 486 (7th Cir. 2003) (concluding that the defendant must receive proceeds "individually"); *United States v. Nesenblatt*, 171 F.3d 1227, 1229-30 (9th Cir. 1999) (same). We have not had occasion to decide

---

[3]*Goldstein, Khedr*, and *Bennett* were decided under an earlier version of the financial institution sentencing enhancement, which provided that the enhancement applied where the offense "affected a financial institution and the defendant derived more than $1,000,000 in gross receipts from the offense." *See, e.g.*, *Khedr*, 343 F.3d at 101; *Bennett*, 161 F.3d at 192. The only change to the enhancement that is relevant to this appeal is the insertion of the requirement that the gross receipts be derived "from one or more financial institutions." U.S.S.G. § 2B1.1(b)(14)(A). The origin of the gross receipts here is uncontested.

this issue directly, *but see United States v. Millar*, 79 F.3d 338, 346 (2d Cir. 1996) (remanding where "the district court did not find that [the defendant] *individually* derived more than $1,000,000 dollars in proceeds"); *United States v. Khedr*, 343 F.3d 96, 101 (2d Cir. 2003) (affirming a calculation from which money given to a co-conspirator was deducted), and need not do so now because Goberdhan derived from financial institutions more than $1 million that he did *not* distribute to his co-conspirators. When Judge Scheindlin imposed the enhancement she explicitly referenced four checks totaling approximately $1.8 million[4] that Goberdhan had acknowledged were *not* used to compensate his co-conspirators, but to purchase properties from third-parties. As the § 2B1.1(b)(14)(A) enhancement is based on *gross* rather than net proceeds, the full amount of these checks was correctly considered against Goberdhan.

Goberdhan next contends that Judge Scheindlin "commit[ted] a 'procedural error'" by "select[ing] a sentence in violation of applicable law"–in particular, in violation of 18 U.S.C. § 3553(a)(6), which requires the district court to consider unwarranted sentencing disparities. Appellant's Br. at 16. In particular, Goberdhan argues that even though "his conduct, for sentencing purposes, was . . . dissimilar to that of attorney Ravi Persaud," the disparity between their sentences is unwarranted. *Id.* at 19. We disagree.

Among the factors a sentencing court must consider in imposing a sentence is "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Because § 3553(a)(6) is only

---

[4] The checks discussed at the sentencing were: (1) check to Goberdhan for $600,000 in connection with the purchase of 1764 East 15th Street, Brooklyn, NY 11229; (2) check to Goberdhan for $410,000 in connection with the purchase of 107-08 Waltham Street, Jamaica, NY 11435; (3) check to Goberdhan for $442,341.88 in connection with the purchase of 93-29 205th Street, Queens NY; (4) check to Goberdhan for $348,772.73 in connection with the purchase of 3915 Snyder Avenue, Brooklyn, NY. Together, these checks amount to around $1.8 million.

one of the several factors that a district court must balance, "a district court's identification of disparity does not necessarily require it to adjust a sentence downward from the advisory guidelines range in order for that sentence to be reasonable . . . much less compel any particular reduction." *United States v. Florez*, 447 F.3d 145, 157-58 (2d Cir. 2006) (internal quotation marks and citations omitted). Rather, "the weight to be given such disparities, like the weight to be given any § 3553(a) factor, 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, so long as the sentence ultimately imposed is reasonable in light of all the circumstances presented.'" *Id.* at 158 (quoting *Fernandez*, 443 F.3d at 32). Moreover, "the mandate to take into account nationwide disparities under § 3553(a)(6), as distinct from the need to give due weight to the Guidelines under § 3553(a)(4), is modest." *United States v. Willis*, 476 F.3d 103, 110 (2d Cir. 2007).

Assuming sentencing courts are required to consider sentencing disparities between an individual and his or her co-conspirators, the district court's decision must be affirmed because it is clear that Judge Scheindlin took this concern into account when sentencing Goberdhan. Indeed, the district court explicitly compared Goberdhan to Persaud and dismissed any need to reduce Goberdhan's sentence further to eliminate unwarranted disparities.

We have considered Goberdhan's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6